IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LOUIS E. RICHARD, JR.,
ADC #096904                                                                                    PLAINTIFF

v.                                          4:10CV00152JLH/HLJ

BENTON WORK RELEASE UNIT, et al.                                    DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Court

Judge J. Leon Holmes.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.    Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof,  and a copy,  or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

By Order dated March 16, 2010 (DE #3), this Court granted plaintiff's application to proceed

in forma pauperis in this lawsuit filed pursuant to 42 U.S.C. § 1983.  However, finding plaintiff's

complaint too vague and conclusory to enable the Court to determine whether it was frivolous,

malicious, or failed to state a claim, the Court directed plaintiff to amend his complaint.  Plaintiff has

now filed an amended complaint (DE #8).

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen

complaints seeking relief against an officer or employee of a governmental entity, and must dismiss

a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary

relief from a defendant immune from such relief.    An action is frivolous if it "lacks an arguable

basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for

relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S.Ct.

1955, 1974 (2007).

In reviewing a pro se complaint under § 1915A(b)(2), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

In his original complaint and amended complaints, plaintiff complains that defendant Guy removed him from his work release job in January, 2010, pursuant to information received from defendant Godwin concerning plaintiff's medical classification. Plaintiff states defendant Dr. Burton cleared him to work at the job, yet the remaining defendants stated he was not physically cleared for the job. Plaintiff also alleges defendants discriminated against him and asks to be reinstated and compensated for lost wages.

In order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right. <u>Griffin-El v. MCI Telecommunications Corp., et al.</u>, 835 F.Supp. 1114, 1118 (E.D.MO 1993). In this particular case, the Court finds plaintiff's allegations in his original and amended complaints fail to state a claim upon which relief may be granted. Plaintiff does not have a constitutional right to a particular job while in prison. <u>Sanders v. Norris</u>, 153 Fed.Appx. 403, 404 (8th Cir. 2005), <u>citing</u> <u>Cooper v. Schriro</u>, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). In addition, in <u>Callender v. Sioux City Residential Treatment</u>, 88 F.3d 666, 668 (8th Cir. 1996), the Court held that the inmate's work release program did not provide the freedom which gives rise to a liberty interest inherent in the due process clause, and further, that the state law did not create a liberty interest in remaining in the work release program. The Court cited to <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), which held that the proper

focus should be on whether the deprivation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," 515 U.S. at 484. The Court stated that revocation of the work release program was not an atypical or significant deprivation, and further noted that there was no indication that the duration of inmate Callender's sentence was affected by the revocation of the work release status.

In this particular case, the Court notes that plaintiff is incarcerated at the Wrightsville Unit of the Arkansas Department of Correction. In addition, he does not allege unconstitutional conditions of confinement at the Unit, or that the duration of his sentence has been affected. Therefore, the Court finds, based on Sanders v. Norris, supra, Callender, supra, and Sandin, supra, plaintiff does not have a constitutional or state liberty interest in remaining in his work release program. With respect to his claim of discrimination, plaintiff does not allege he was treated in a manner different from others. Therefore, the Court finds plaintiff's complaint should be dismissed, for failure to state a claim. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is hereby DISMISSED for failure to state a claim, and that this dismissal constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

This Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal taken from this decision is not in good faith.

---

[1] The PLRA provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

4

IT IS SO ORDERED this 15th day of April, 2010.


_____
United States Magistrate Judge